IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: Nortel Networks Inc., et al., | : | Chapter 11 |
| Debtors. | : | |
| _____ | : | |
| NORTEL NETWORKS INC., | : | |
| Appellant, | : | |
| v. | : | C. A. No. 16-366-LPS |
| | : | Bankruptcy Case No. 09-10138 |
| EMEA DEBTORS, | : | ADV No. 11-53454 |
| | : | BAP 16-27 |
| Appellee. | : | |

## RECOMMENDATION

At Wilmington this **6th** day of **June, 2016**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.  This matter is related to the various appeals taken in the Nortel Bankruptcy matter.  The other appeals have undergone a series of mediation sessions with Judge Farnan.  The present matter relates to intercompany claims filed by the EMEA Debtors (European affiliates) in their chapter 11 cases pending before the Delaware Bankruptcy Court.  In December 2013, the U.S. Debtors and the EMEA

Debtors entered into a settlement agreement that resolved these claims, which was approved by the Bankruptcy Court on January 7, 2014.  Per this settlement agreement, the U.S. Debtors agreed to allow and pay claims in a certain amount to the EMEA Debtors and the principal creditor of NNUK (Nortel Networks UK Limited), who also filed separate claims against the U.S. debtors in their chapter 11 cases.  In return, the U.S. Debtors and EMEA Debtors exchanged mutual releases.  At issue on appeal is the scope of these releases.  The Bankruptcy Court granted EMEA debtors' motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) on May 2, 2016, and it is this decision that is under consideration in this appeal.  The result of that decision was that the settlement agreement/release operated as a complete bar to the U.S. Debtors' contribution claim regarding SNMP Research's adversary proceeding against them for alleged unpaid royalties under a licensing agreement during the prepetition period.  SNMP did not file claims against the EMEA Debtors.  In July 2015, the U.S. Debtors filed a motion for leave to implead EMEA debtors as third-party defendants in the adversary proceedings, arguing that to the extent they were held liable for SNMP's claims, the U.S. Debtors would be entitled to contribution from the EMEA Debtors.  The Bankruptcy Court granted the impleader motion and the U.S. Debtors served their third-party complaint.  The EMEA Debtors filed a motion to dismiss in November 2015.  On February 1, 2016, the Bankruptcy Court denied the motion to dismiss as premature.

After the decision was rendered on the motion to dismiss, the EMEA Debtors filed their motion for judgment on the pleadings.  The findings of this decision that the U.S. debtors' contribution claim is barred by the settlement agreement and release is the focus of this appeal taken on May 16, 2016.

Both parties agree that mediation would not be a worthwhile exercise because the issues involved relate to a legal determination of a complete bar to liability and the amount of any potential liability for contribution has not yet been determined, making the basis for negotiation difficult to quantify.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  In light of the parties' mutual request, no objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1 are expected to be filed.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE